The People of the State of New York, Plaintiff, *v.* Joseph Rao and Another, Defendants.

Court of General Sessions, New York County, March 19, 1935.

*Levy & Fishel [George Morton Levy of counsel], for the defendant Rao in support of the motion.*

*Goldstein & Goldstein [David Goldstein of counsel], for the defendant Paterra in support of the motion.*

*William C. Dodge, District Attorney [Frank E. Carstarphen and John C. McDermott of counsel], in opposition to the motion.*

Nott, J. These defendants were convicted on the 4th day of January, 1935, of assault in the second degree after trial before Hon. Joseph E. Corrigan, in that they assaulted one Edward F. Smith, a police officer of the city of New York, in an endeavor to evade arrest. Sentence was set for the fifteenth day of January and all motions based on the conviction were adjourned until the day of sentence. On the ninth day of January Judge Corrigan died suddenly. Thereafter the district attorney brought on the case before me for judgment, as the judge presiding in Part I of this court. The defendants thereupon applied to the Supreme Court of this county for a writ of prohibition, claiming that this court had no power to entertain a motion for a new trial and that the defendants could not be duly sentenced where they had been deprived by the death of Judge Corrigan of their right to make such a motion. The application for the writ was denied by Mr. Justice Valente. I have taken his decision to mean that this court had the power to entertain the defendants' motions for a new trial and having such power that it was the duty of the court to exercise it should the motions be made. The defendants have thereupon moved for a new trial under the provisions of section 465 of the Code of Criminal Procedure.

It must be kept clearly in mind that in entertaining this motion I am not sitting in any sense as a judge of an appellate court but only in the capacity of a trial judge to entertain and decide a motion for a new trial brought under the provisions of the aforementioned section. The powers of an appellate tribunal on an appeal are much broader than those of a trial judge entertaining a motion for a new trial. Section 463 of the Code of Criminal Procedure provides that a new trial can be granted by the court in which the former trial was had, *only* in the cases provided in section 465. Section 465 provides seven contingencies in which the trial court has power to grant a new trial. Nos. 1, 2, 3, 4 and 7 clearly have no application to the present motion. The only remaining contingencies are: " 5. When the court had misdirected the jury in a matter of law, or has refused to instruct them as prescribed in section 420; and the defendant has, at the trial, excepted to such

misdirection or refusal; 6. When the verdict is contrary to law or clearly against evidence."

The power of the appellate court to reverse a conviction is very different. Section 527 of the Code of Criminal Procedure provides: "And the appellate court may order a new trial if it be satisfied that the verdict against the prisoner was against the weight of evidence or against the law, or that justice requires a new trial, whether any exception shall have been taken or not, in the court below."

The Appellate Division in various departments and numerous cases has held that this provision entitles the appellate courts to grant a new trial where the defendant has not been accorded a fair trial, even though no legal error has been committed. (*People* v. *Criscuoli*, 164 App. Div. 119.)

Keeping in mind the respective powers of the trial judge and the appellate court, I have examined the record and am unable to find cause for setting aside the verdict and granting a new trial. The very exhaustive and able briefs of counsel for the defendants may be roughly divided into two parts: *First*, a very able argument which could appropriately have been, and doubtless was, addressed to the jury; and *second*, numerous charges that the verdict was brought about by the biased attitude and remarks of the trial judge throughout the trial. I cannot consider arguments which should be addressed to the jury, nor can I, under the provisions of section 465, consider the general question of the trial judge's attitude and whether the defendants received a fair trial, those being matters within the power of the Appellate Division to consider, but not in mine.

I have been over the charge of the learned court with care and cannot find that during the charge or during the trial he misdirected the jury in matters of law to any such extent as would constitute reversible error and I do not find that the verdict is contrary to law or clearly against the evidence. These being the only grounds before me, the motion must be denied.

While the Supreme Court has decided that this court has jurisdiction to entertain the motion for a new trial in place of the original trial judge whose death has supervened, the case is a novel one in this State and of great importance and after considering the question carefully, in my opinion " there is reasonable doubt whether the judgment should stand." (Code Crim. Proc. § 527.) I shall, therefore, upon the day of sentence entertain a motion for the granting of a certificate of reasonable doubt should the defendants' attorneys see fit to make it.